# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| JOHN A. GISSLER,<br><br>Plaintiff,<br><br>vs.<br><br>CITIMORTGAGE, INC., et al.,<br><br>Defendants. | CASE NO. 13-CV-40- IEG (JMA)<br><br>**ORDER**<br><br>1. **GRANTING DEFENDANTS' MOTION TO DISMISS**;<br><br>2. **DENYING DEFENDANTS' MOTION TO STRIKE**<br><br>[Doc. No. 6.] |
|---|---|

Before the Court are Defendants' motions to dismiss and strike pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), respectively. [Doc. No. 6.] For the reasons below, Defendants' motion to dismiss is **GRANTED** and motion to strike is **DENIED**.

## BACKGROUND

This is a mortgage case. Plaintiff John Gissler asserts claims of wrongful foreclosure, to quiet title, for slander of title, for declaratory relief, and under the Truth in Lending Act and Fair Debt Collections Practices Act, all premised on a purportedly wrongful foreclosure. [Doc. No. 1.] Defendant moves to dismiss all claims and to strike the demand for punitive damages.

## DISCUSSION

Even affording every benefit of the doubt, Plaintiff's complaint fails to allege sufficient facts to support any cognizable legal theory. Thus, to the extent and for

1 the additional reasons specified below, Defendants' motion to dismiss is
2 **GRANTED**.  Defendants' motion to strike is procedurally improper and thus
3 **DENIED**.

## I.     Motion to Dismiss

Under Federal Rule of Civil Procedure 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) test the sufficiency of this required showing. *New Mexico State Investment Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011).  "Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1041 (9th Cir. 2011).

### 1.     Wrongful Foreclosure

Plaintiff's claims premised on California Civil Code sections 2923, [*see* Doc. No. 1 at 19], constitute  wrongful foreclosure claims.  *See Small v. Mortgage Electronic Registration Systems, Inc.*, 2010 WL 3719314, at *14 (E.D. Cal. Sept. 16, 2010).  Wrongful foreclosure claims require allegations of credible tender. *See Alicia v. G.E. Money Bank*, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure."). Plaintiff fails to make any such allegation.  [*See* Doc. No. 1.]  But amendment could potentially cure this deficiency, and thus Plaintiff's wrongful foreclosure claims are **DISMISSED WITHOUT PREJUDICE**.

### 2.     Quiet Title Claim

So too, a "quiet title action is doomed in the absence of Plaintiffs' tender of the full amount owed." *Gjurovich v. Cal.*, 2010 WL 4321604, at *8 (E.D. Cal. Oct.

26, 2010). Because Plaintiff fails to allege tender, *see supra*, his quiet title claim is **DISMISSED WITHOUT PREJUDICE**.

### 3. Slander of Title Claim

Slander of title claims require "(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss." *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal.App.4th 1040, 1050 (2009). Plaintiff does not allege that the notice of default at issue was false, much less how such falsity caused direct and immediate pecuniary loss. [*See* Doc. No. 1.] These deficiencies are fatal, s*ee Velasco v. Security Nat. Mortg. Co.*, 823 F.Supp.2d 1061, 1069 (D. Hawai'i 2011), but could be cured by amendment, and thus Plaintiff's slander of title claim is **DISMISSED WITHOUT PREJUDICE**.

### 4. TILA Claims

Plaintiff's TILA claims for damages are subject to a one-year statute of limitation that may, under certain circumstances, be equitably tolled. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). The statute runs from the date the subject loan was consummated. *See King*, 784 F.2d at 915; *see also McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1328 (9th Cir. 2012). Plaintiff's complaint was filed on January 8, 2013, [*see* Doc. No. 1], nearly seven years after the subject loan was consummated on September 20, 2006, [*see* Doc. No. 8-1, Ex. A], and no basis for equitable tolling has been pled. *See Cervantes*, 656 F.3d at 1045 (equitable tolling only available "in situations where, despite all due diligence, the party . . . is unable to obtain vital information bearing on the existence of the claim."). Thus, Plaintiff's TILA claims are untimely and barred. *See King*, 784 F.2d at 915. Because amendment could potentially provide a basis for equitable tolling, Plaintiff's TILA claims are **DISMISSED WITHOUT PREJUDICE**.

### 5. FDCPA

Claims under the FDCPA are only viable against debt collectors. 15 U.S.C. §

1692(a)(6). Here, Defendants do not qualify as debt collectors. *See Vieira v. Prospect Mortg., LLC*, 2012 WL 3356947, at *5 (C.D. Cal. July 9, 2012) ("Originators of loans secured by real property and their assignees . . . are not debt collectors, and therefore are not subject to the FDCPA."). This deficiency cannot be cured through amendment, and thus Plaintiff's FDCPA claims are **DISMISSED WITH PREJUDICE**.

      6. **Declaratory Relief Claim**

Plaintiff's claim for declaratory relief is premised on the alleged securitization of his mortgage and seeks confirmation that Defendants have authority to foreclose notwithstanding the alleged securitization. [Doc. No. 1 at 13-15.] "[A]s a general rule, plaintiffs may not bring actions for proof of a defendant's authority to foreclose." *Vieira*, 2012 WL 3356947, at *4. "Nor does improper securitization excuse a borrower from loan repayment obligations." *Id*. Rather, even if established, "securitization merely creates a separate contract, distinct from [a borrower's] debt obligations under the Note, and does not change the relationship of the parties in any way." *Moseley v. CitiMortgage, Inc*., 2011 WL 5175598, at *7 (W.D. Wash. Oct.31, 2011). As such, the declaration Plaintiff seeks would provide no grounds for relief. *Id*. Because Plaintiff's declaratory relief claim fails to "make out a cognizable legal theory," *see Cervantes*, 656 F.3d at 1041, it is **DISMISSED WITH PREJUDICE**.

**II. Motion to Strike**

Defendants move to strike Plaintiff's request for punitive damages pursuant to Fed. R. Civ. P. 12(f). "Rule 12(f) does not authorize district courts to strike claims for damages." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). Defendants compound this procedural error by invoking inapplicable California pleading standards. [*See* Doc. No. 6 at 17-18.] "Although in [a] diversity action [state] substantive law is to be applied to determine the ultimate validity of the plaintiff's claims, the Federal Rules govern issues concerning the adequacy of the

pleadings." *Clement v. American Greetings Corp.*, 636 F.Supp 1326, 1329 (S.D. Cal. 1986) (citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) and *Hanna v. Plumer*, 380 U.S. 460, 485 (1965)).  Defendants' motion to strike is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss and **DENIES** Defendant's motion to strike.  Plaintiff's FDCPA and declaratory relief claims are **DISMISSED WITH PREJUDICE**.  Plaintiff's wrongful foreclosure, quiet title, slander of title, and TILA claims are **DISMISSED WITHOUT PREJUDICE**.  Plaintiff is granted leave to file an amended complaint no later than July 29, 2013, including only, and curing the defects specified above in regard to, those claims dismissed without prejudice.

**IT IS SO ORDERED.**

**DATED:** June 19, 2013

**IRMA E. GONZALEZ**
**United States District Judge**